# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Docket No. 3:13-CR-261-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| (1) MICHAEL A. MARSHALL, ) | |
| ) | |
| Defendant. ) | |

**This Matter** is before the Court upon Defendant Michael A. Marshall's ("Defendant") Motion to Dismiss, For a Bill of Particulars, or to Elect Charges. (Doc. No. 18). The Government responded in a timely manner in opposition to Defendant's Motion. (Doc. No. 19). The matter is now ripe for adjudication and for the reasons set forth below, Defendant's Motion is DENIED.

On September 18, 2013, Defendant was indicted by a Grand Jury in the Western District of North Carolina. The Indictment is a "speaking indictment" and charges Defendant with three offenses arising out of an alleged conspiracy commit fraud with luxury automobiles. Defendant is charged in Count One of conspiracy in violation of 18 U.S.C. § 371; in Count Two of bank fraud in violation of 18 U.S.C. § 1344; and in of Count Three conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Defendant filed the instant Motion on November 13, 2013, to dismiss Count One as insufficient, or, in the alternative, requesting the Government file a bill of particulars to supplement Count One. Additionally, Defendant moves that Government be required to elect charges between Counts One and Three, if Count One is not dismissed, asserting that Counts One and Three violate the rule against multiplicity. The Court will address each of Defendant's arguments in turn.

Defendant first argues that Count One of the indictment is deficient because it fails to inform Defendant of the activity that constitutes wire fraud, which charge Defendant contends is alleged. Federal Rule of Criminal Procedure 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offensecharged." Fed.R.Crim.P. 7(c)(1). The Supreme Court has stated that:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'

Hamling v. United States, 418 U.S. 87, 117 (1974)(internal citations omitted). Additionally, the Fourth Circuit has held has sufficient indictments that do not allege specific acts in violation of the cited statute. See, e.g., United States v. American Waste Fibers Co., 809 F.2d 1044, 1046-47 (4th Cir. 1998); United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986); and United States v. Kelley, 462 F.2d 372, 374 (4th Cir. 1972).

Here, Defendant is charged in Count One with participating multiple-object conspiracy. Contrary to Defendant's assertion, Defendant is not charged with committing substantive wire fraud, nor is wire fraud alleged as one of the overt acts committed in furtherance of the conspiracy, but rather as one of the objects of the conspiracy. As Defendant is not charged with committing wire fraud, the Government is not required to allege specific conduct constituting that crime in the Indictment. Moreover, upon review of the Indictment, as the Court finds that conspiracy alleged in Count One is not deficient and properly informs Defendant of the charges he must defend against. Accordingly, Defendant's argument that Count One should be dismissed, or alternatively the Government be required to supplement Count One by filing a bill

of particulars, due to insufficiency for failing to allege specific acts of wire fraud is without merit.

Turning to Defendant's next argument, Defendant contends that charges in Counts One and Three violate the rule against multiplicity and the Government should be required to elect charges. The Government contends that since the conspiracy charge requires proof of a fact which the conspiracy to commit money laundering charge does not, the charges are not multiplicitous.

Multiplicity is the improper charging of the same offense in more than one count of the indictment, and it violates the Fifth Amendment. "The test to be applied to determine whether there are two offenses or only one, is whether each [count] requires proof of a fact the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

The elements of a conspiracy charge under 18 U.S.C. § 371 are:

1. The existence of an agreement by two or more persons to commit an offense against the United States or defraud the United States;

2. The defendant's knowing and voluntary participation in the conspiracy; and

3. The commission of an overt act in furtherance of the conspiracy.

United States v. Falcone, 311 U.S. 205, 210 (1940); United States v. Hitt 249 F.3d 1010, 1015 (D.C. Cir. 2001); and United States v. Fleschner, 98 F.3d 155, 159-60 (4th Cir. 1996).

The elements of a conspiracy to commit money laundering charge under 18 U.S.C. § 1956(h) are:

1. The existence of an agreement by two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C. § 1956(a) or § 1957;

3

2. The defendant's knew that the money laundering proceeds had been derived from an illegal activity; and

3. The Defendant knowingly and voluntarily became part of the conspiracy.

United States v. Green, 599 F.3d 360, 371 (4th Cir. 2010) (citing United States v. Singh, 518 F.3d 236, 248 (4th Cir. 2008)).

Clearly, each offense requires proof of different facts and therefore there is no multiplicity. This Court agrees with Judge Nickerson's reasoning, cited by the Government, in identical circumstances that "Section 1956(h) addresses only conspiracies to launder money. Section 371 is not so limited. Thus, Count Three [conspiracy to commit money laundering] requires proof of a fact Count One [conspiracy] does not. Moreover, Count One requires proof of an overt act, an element not contained in section 1956(h)." United States v. Pacella, 1996 WL 288479 at *2 (E.D.N.Y. 1996); See also United States v. Tiedeman, 2001 WL 830578 at *1 (2d Cir. 2001) (Rejecting multiplicity claim and holding that "[a] conspiracy to defraud the United States under 18 U.S.C. § 371 and a conspiracy to commit money laundering under 18 U.S.C. § 1956(h) require proof of different facts."). Accordingly, this Court finds that Counts One and Three are not multiplicitous. Therefore, for the reasons previously stated, the Defendant's Motion (Doc. No. 18) is DENIED.

IT IS SO ORDERED.

Signed: December 2, 2013

Frank D. Whitney
Chief United States District Judge