# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Docket No. 3:13-CR-261-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| (1) MICHAEL A. MARSHALL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Michael A. Marshall's ("Defendant") Amended Motion to Dismiss. (Doc. No. 38). Defendant first filed a Motion to Dismiss the Indictment on November 12, 2013. This Court denied Defendant's first Motion to Dismiss on December 2, 2013. (Doc. No. 21). Subsequently, Defendant filed a second Motion to Dismiss the Indictment on December 17, 2013. (Doc. No. 23). The Government responded in a timely manner to the Second Motion to Dismiss on December 26, 2013. (Doc. No. 25). Defendant, representing himself, amended his Second Motion to Dismiss on April 2, 2014. The Government again responded in a timely manner to Defendant's Amended Second Motion to Dismiss. This matter is now ripe for adjudication.

On September 18, 2013, Defendant was indicted by a Grand Jury in the Western District of North Carolina. The Indictment is a "speaking indictment" and charges Defendant with three offenses arising out of an alleged conspiracy commit fraud with luxury automobiles. Defendant is charged in Count One of conspiracy in violation of 18 U.S.C. § 371; in Count Two of bank fraud in violation of 18 U.S.C. § 1344; and in of Count Three conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Though Defendant's arguments are difficult to discern, Defendant alleges that with regard to each count that the allegations are either too vague

to put Defendant on notice of the factual basis for the allegations, or contain allegations that are not sufficient to set forth an offense.

Federal Rule of Criminal Procedure 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The Supreme Court has stated that:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'

Hamling v. United States, 418 U.S. 87, 117 (1974) (internal citations omitted).

Having reviewed the Indictment and the applicable legal standards, the Court finds Defendant's arguments unpersuasive. The Indictment tracks the statutory language and sets for the essential elements in each count. Therefore, Defendant is properly informed of the charges that he must defend against. Accordingly, Defendant's Amended Second Motion to Dismiss, (Doc. No. 38), is DENIED.

IT IS SO ORDERED.

Signed: April 14, 2014

Frank D. Whitney
Chief United States District Judge