UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00261-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | |
| (1) MICHAEL A. MARSHALL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release Requesting Home Confinement (Doc. No. 117) and Motion for Extension of Time (Doc. No. 122). For the reasons which follow, Defendant's Motions are DENIED.

## I. BACKGROUND

On October 24, 2013, law enforcement arrested Defendant for Conspiracy to Defraud the United States (False Statements to Financial Institutions, Wire Fraud and Bank Fraud), Bank Fraud and Conspiracy to Commit Money Laundering. He has remained in custody since his arrest date.

On May 12, 2014, Defendant was convicted in a jury trial for Conspiracy to Defraud the United States (False Statements to Financial Institutions, Wire Fraud and Bank Fraud), Bank Fraud and Conspiracy to Commit Money Laundering, all in violation of 18 U.S.C. §§ 2, 371, 1344 and 1956. On July 20, 2015, Defendant was sentenced to 96-months prison, with 3-years supervised release, in addition to forfeiture, for his criminal conduct.

Additionally, since being sentenced, Defendant was again indicted and convicted, in the Eastern District of North Carolina (EDNC) (5:17-CR-95) for possessing a prohibited object (cell phone) when previously housed at FCI-Butner. On October 02, 2017, Defendant pled guilty in the

1

EDNC to his felony charge. On April 19, 2018, the Honorable Judge Dever sentenced Defendant to six (6) additional months, to run consecutive to any existing federal or state sentence.

On April 15, 2020, as advised by the United States Bureau of Prisons (BOP), Defendant petitioned the FCI-Jessup Warden for compassionate release. After thorough review, the FCI – Jessup Warden denied his request on April 22, 2020.

On June 19, 2020, the Clerk's Office received Defendant's letter asking the Court to reduce his sentence to time served or for home confinement. (Doc. No. 117). In his motion, Defendant argues his medical condition, in light of the COVID-19 pandemic, constitute extraordinary circumstances to grant him compassionate release. Id.

As advised by the United States Bureau of Prisons (BOP), when filing his Pro Se Motion for Compassionate Release, Defendant had over 27 months remaining in his total sentence (102-months aggregate sentence).

Defendant is currently incarcerated at FCI Jessup. According to BOP records, Defendant's projected release date is September 22, 2022. He has served approximately 69.4% of his statutory-term sentence. (As of the filing of Doc. No. 120)

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In the Motions, Defendant argues his medical condition, in light of the COVID-19 pandemic, constitute extraordinary circumstances that should warranting granting him compassionate release. (Doc. No. 117). In his motion, Defendant argues that the dorm setting environment and close confinement at FCI Jessup makes social distancing "nearly impossible." However, Defendant fails to provide any information that persuades this Court to believe the conditions at FCI Jessup—or Defendant's medical conditions— increases the likelihood of him

2

contracting COVID-19. As of the date of this order, BOP reports that FCI Jessup has *zero* confirmed active cases of COVID-19 among the inmate population.[1] In fact, it appears that the confined environment of FCI Jessup offers Defendant a greater sense of protection and quarantine from the COVID-19 virus.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may *not* modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[2]

18 U.S.C. § 3582(c)(1)(A).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regard to compassionate release is set forth

---

[1] Federal Bureau of Prisons COVID-19 Cases: FCI Jessup, https://www.bop.gov/coronavirus/
[2] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

3

Case 3:13-cr-00261-FDW   Document 125   Filed 10/22/20   Page 3 of 7

in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>   (ii) The defendant is –
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

The Defendant does not qualify for relief based on the extraordinary or compelling circumstances under subsection (i)-(ii). The Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to support his Motion pursuant to § 3582(c)(1)(A)(i). The Defendant has not proven that any of his medical conditions merit consideration under the statute. Nor does the Defendant identify any other circumstances that are "extraordinary and compelling"

4

under subsection D of the applicable policy statement. The general threat of exposure to COVID-19 and fear of contracting the virus alone, which appears to be Defendant's sole basis for relief, is not sufficient to qualify for the request relief under the statute. (Doc. No. 117).

Additionally, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). Defendant has a lengthy criminal record, and his sentence appropriately holds him accountable for his recidivist history. As referenced above, Defendant was convicted for his active role in a car loan, wire fraud, and bank fraud conspiracies— in addition to a money laundering conspiracy—ranging from August 2012 through February 2013. Defendant's egregious conduct impacted numerous financial institutions, with losses totaling over $425,000. (Doc. No. 76). Even more troubling, Defendant – with two previous Federal felony

5

Case 3:13-cr-00261-FDW   Document 125   Filed 10/22/20   Page 5 of 7

convictions (WDNC, 3:00-CR-223), (WDNC, 3:07-CR-283), returned to his same criminal method of operation, while under Federal Supervised Release. The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence of committing financial crimes. The Court must protect the public from the possible danger of Defendant's continued criminal behaviors, when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, and therefore, his Motions for Compassionate Release (Doc. No. 117) is denied.

### III. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent Defendant requests the Court release him to home confinement, the Court does not have authority to direct the BOP to do so. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of

6

Case 3:13-cr-00261-FDW    Document 125    Filed 10/22/20    Page 6 of 7

incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

## IV. DEFENDANT'S MOTION FOR EXTENSION OF TIME

On July 9, 2020, Defendant filed his Motion for an Extension of Time (Doc. No. 122) to respond to the Government's Response in Opposition (Doc. No. 120). Since then, Defendant has filed his Reply to Response (Doc. No. 124) on July 31, 2020 and an extension of time is no longer needed. Therefore, no longer needing an extension of time, the Defendant's Motion for Extension of Time to File Response is DENIED as MOOT.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release Requesting Home Confinement (Doc. No. 117) and Motion for Extension of Time (Doc. No. 122) are DENIED.

IT IS SO ORDERED.

Signed: October 22, 2020

Frank D. Whitney
United States District Judge